UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHUAN LAU                                CIVIL ACTION

VERSUS
                                         NUMBER 08-691-JVP-SCR
BEAIRD COMPANY, LTD.,
ET AL.

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 4, 2008.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHUAN LAU

VERSUS

BEAIRD COMPANY, LTD., ET AL.

CIVIL ACTION

NUMBER 08-691-JVP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Joint Motion to Remand filed by plaintiff Chuan Lau and intervenor Louisiana Workers' Compensation Corporation. Record document number 2. The motion is opposed by defendant Navigators Insurance Company.[1]

This action arises out of an accident that occurred on October 30, 2006 when the plaintiff was hit by a forklift operated by Cottie Wheeler and owned by Beaird Company, Ltd. Plaintiff filed suit in state court against Beaird and Wheeler on April 30, 2007. Louisiana Workers' Compensation Corporation (LWCC) intervened on August 20, 2007 to recover worker's compensation benefits it paid to the plaintiff.[2] On August 18, 2008 the plaintiff amended his petition to name Beaird's primary insurance carrier, Westchester Surplus Lines Insurance Company, as a defendant. On September 29, 2008, the plaintiff filed a Second Amending Petition naming Navigators Insurance Company, Beaird's excess insurance carrier, as

---

[1] Record document number 8.  Plaintiff filed a reply memorandum.  Record document number 15. Defendant also filed a reply memorandum.  Record document number 18.

[2] Record document number 1, Notice of Removal, exhibit C.

an additional defendant. Prior to this amendment, the case had been set for trial on November 5, 2008.

Navigators removed the case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Navigators alleged complete diversity of the parties and a jurisdictional amount in excess $75,000.[3] Navigators argued that the citizenship of defendants Wheeler, Beaird and Westchester should not be considered since they are no longer parties pursuant to an on-the-record settlement agreement entered on October 21, 2008 in open court.[4]

Plaintiff and the intervenor moved to remand on grounds that (1) complete diversity jurisdiction cannot be established and (2)

---

[3] Record document number 1, Notice of Removal, ¶¶ 3-9. Defendant Navigators alleged that it is a foreign corporation incorporated under the laws of New York with its principal place of business in New York, the plaintiff is a resident of and domiciled in Louisiana, and intervenor LWCC is a Louisiana Corporation domiciled in Louisiana.
  "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Stafford v. Mobil Oil Corp.*, 945 F.2d 803 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10 at 1662. Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.
  Plaintiff argued that the Notice of Removal failed to properly allege the citizenship of the parties. Defendant Navigators failed to sufficiently allege the citizenship of intervenor LWCC. As discussed below, Navigators' failure to properly allege LWCC's citizenship is not material because the Notice of Removal does not establish complete diversity as required by § 1332.

[4] Plaintiff has alleged that both Beaird and Wheeler are citizens of Louisiana. Record document number 1, Notice of Removal, exhibit B, Petition for Damages, ¶1.

the defendant's removal was procedurally defective.[5] With respect to complete diversity, the plaintiff and intervenor argued that if Beaird is no longer a party in this action due to a settlement agreement, then the suit against Navigators becomes a direct action against the insurer, and pursuant to § 1332(c)(1) Navigators should be deemed a citizen of the state of its insured, Beaird. Thus, Navigators would be considered a citizen of Louisiana and destroy diversity. Plaintiff alternatively argued that if the settlement agreement is not final, then Beaird and Wheeler are still parties in this case and their citizenship would also destroy diversity jurisdiction.

Plaintiff also made several procedural arguments. Plaintiff argued that the removal is barred by the one year time limit set forth in the second paragraph of 28 U.S.C. § 1446(b). Plaintiff noted that all of the joined defendants did not consent to the removal. Lastly, the plaintiff asserted that Navigators waived its right to remove by seeking a decision on the merits in state court.

Plaintiff and intervenor sought an award of attorney's fees under § 1447(c).

---

[5] Plaintiff and intervenor did not argue that the plaintiff's claims fail to satisfy the amount in controversy requirement of § 1332. Given the nature of the plaintiff's injuries, and the documents submitted with the Navigator's reply memorandum, the court easily concludes that the required amount in controversy is present.

## Applicable Law

The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The jurisdictional facts that support removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

For the purpose of determining the citizenship of a defendant insurer corporation, 28 U.S.C. § 1332(c)(1) governs and provides specifically:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business...

Section 1332(c)(1) was added in 1964. "This amendment was passed to remedy the congestion in the district courts arguably caused by Louisiana's and Wisconsin's Direct Action Statutes, which allow suits directly against an insurer without joining the insured as a party defendant." *O.M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509, 510 (5th Cir. 1995). Section 1332(c)(1) does not require that the action originate as a direct action against the insurer, or that the direct action be brought pursuant to a

state statute. *Id.* Rather, § 1332(c)(1) only requires that the insured not be joined in the action as a defendant. It has been given a broad interpretation in light of the harm Congress sought to remedy. *Id.*

There is no automatic entitlement to an award of attorney fees under 28 U.S.C. § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's

5

actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.  *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

A review of the record and the parties' arguments shows that Navigators has failed to establish that diversity jurisdiction exists in this case.  Navigators argued that Beaird, Westchester, and Wheeler are no longer defendants in this case because a binding settlement was placed on the record in open court on October 21, 2008.[6]  Documents submitted with Navigator's reply memorandum confirm the existence of a binding settlement agreement, notwithstanding the fact that all the documents have not yet been signed.  Assuming the existence of a binding settlement agreement, as argued by Navigators, § 1332(c)(1) requires that Navigators be deemed a citizen of the state of its insured, Beaird, i.e. a Louisiana citizen, at the time of removal.

In *Wallington v. Essex Ins. Co.*, 1998 WL 273118, *2 (E.D. La. May 26, 1998), the Louisiana plaintiffs voluntarily dismissed the non-diverse insured Louisiana defendants, leaving diverse defendants Chevron U.S.A. and Essex Insurance Company.  Essex

---

[6] Record document number 2, supporting memorandum, exhibit A.

insured the non-diverse defendants. After the plaintiffs dismissed the non-diverse defendants insured by Essex, Chevron removed the case. Plaintiffs moved to remand, arguing that pursuant to § 1332(c) Essex must be deemed a Louisiana citizen at the time of removal. Relying on *O.M. Greene Livestock Co.*, the district court agreed.

In *Illg v. Jacat Corp.*, 1989 WL 113979 (E.D. La. Sept. 25, 1989), another removal case decided before both *O.M. Greene Livestock Co.* and *Wallington*, the district court granted the plaintiff's motion to remand in similar circumstances. Louisiana plaintiff Illg sued Jacat Corp., a Louisiana corporation, and its primary insurer, The Travelers Companies, in state court. Jacat filed for bankruptcy. Plaintiff then amended to join Jacat's excess insurance carrier, Admiral Insurance Co., as a defendant. Plaintiff settled with Travelers and dismissed both it and Jacat. Admiral then removed the case to federal court. Plaintiff moved to remand. The district court noted that because at the time Admiral was joined its insured, Jacat, was still a defendant § 1332(c) did not apply. The court then asked, "The question is, does § 1332(c) 'kick in' upon the plaintiff's voluntary dismissal of a non-diverse party?"

The court determined that it does:

> The general rule is that diversity jurisdiction is determined at the time of commencement of the action, that is, at the time the complaint is filed. The only exception to this rule occurs when the plaintiff

7

> voluntarily dismisses a non-diverse defendant. The rationale for this exception is that the plaintiff has created diversity by his voluntary act and is deemed to have relinquished his right to select his forum. In a direct action case, however, the dismissal of the non-diverse defendant merely creates the kind of diversity which [§] 1332 prohibits in the first place.

*Illg, supra,* at *2 (internal citations omitted).

Navigators relied on *Arcuri v. Chevron U.S. Products Co.* and argued that the Fifth Circuit found that § 1332(c)(1) did not apply in a similar situation.[7] Navigators has misinterpreted *Arcuri*, which held that § 1332(c)(1) only applies to direct actions. The *Arcuri* Court then found that because the district court case on appeal was a declaratory judgment action brought by the insurer, § 1332(c)(1) did not apply.[8]

The two other cases cited by Navigators are neither controlling nor persuasive. *Hotard v. State Farm Fire & Cas. Ins. Co.* recognized that for purposes of § 1332(c)(1), not all actions in which an insurer is a direct party can be considered a direct

---

[7] 216 F.3d 1080 (5th Cir. 2000)(unpublished).

[8] *Id.* at 2. *See also*, *Wallington*, *supra*. *Wallington* is a separate action, related to *Arcuri*, which was removed based on diversity but remanded pursuant to § 1332(c)(1) because the insurer defendant assumed the non-diverse citizenship of its insured once the insured was dismissed from the suit. The Fifth Circuit in *Arcuri* noted that the appellant had confused the procedural posture of the *Wallington* case with the one on appeal and specifically clarified: "The doctrine of law of the case is also inapplicable because the remand order was granted in the State Court Lawsuit, which is a different lawsuit from the case at bar." *Arcuri*, *supra* at 2. Thus, the holding in *Arcuri* did not overturn the holding in *Wallington*.

action, e.g. a declaratory judgments action.[9]  The court in *Adams v. Estate of Keck* addressed the applicability of § 1332(c)(1) in jurisdictions where direct actions against insurers are not authorized.[10]  In Louisiana, direct actions are authorized.[11]

The result is the same in the event Beaird, Wheeler, and Westchester have not settled with the plaintiff and are still real parties in interest.  Navigators has not established that defendants Beaird and Wheeler are diverse from the plaintiff.

Because Navigators has failed to establish complete diversity between the parties, there is no need to address the plaintiff's arguments based on the procedural deficiencies in Navigators' removal.

With respect to an award of attorney's fees, the record does not indicate that an award is warranted under § 1447(c). Considering this case's procedural history, especially the plaintiff's settlement with the non-diverse defendants after adding Navigators as a defendant so late in the action, it was not objectively unreasonable for Navigators to believe that removal of this action was appropriate.  The relevant case law addressing the applicability of § 1332(c)(1) in the circumstances of this case is

---

[9] 2000 WL 1693694 (E.D. La. Nov. 13, 2000), *aff'd*, 286 F.3d 814 (5th Cir. 2002).

[10] 210 F.Supp.2d 863 (W.D. Ky. 2002).

[11] LSA-R.S. 22:655.

sparse, and the interplay between § 1332(c)(1) and the state's direct action statute is not well developed.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Joint Motion to Remand filed by plaintiff Chuan Lau and intervenor Louisiana Workers' Compensation Corporation be granted.  It is further recommended that their request for an award of attorney's fees under 28 U.S.C. § 1447(c) be denied.

Baton Rouge, Louisiana, November 4, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE